Filed 10/30/15  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078456 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035793) |
| v. | |
| JOHN LINTON DAVIS, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

A complaint filed in Alameda County Superior Court in 2011 charged defendant John Linton Davis with failure to register as a sex offender.  (Pen. Code, §§ 290.012, subd. (a)/290.018, subd. (b).)[1]  The complaint alleged that defendant had 10 prior convictions and had served six prior prison terms.  (§ 667.5, subd. (b).)  (Case No. CM035793.)

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant entered a plea of no contest to failure to register in return for a promise of five years' formal probation, including 90 days in county jail.

In March 2012, the case was transferred to Butte County. Defendant's probation was modified to conform to Butte County's terms and conditions of probation. The trial court imposed fines and fees including a $200 restitution fine (§ 1202.4, subd. (b)) and a suspended $200 probation revocation restitution fee (§ 1202.44), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

In January 2013, a probation violation petition was filed, alleging that defendant had tested positive for methamphetamine. The petition was amended in February 2013 to add the allegation that defendant violated Health and Safety Code section 11350. (Case No. CM038010.)

Defendant entered a plea admitting a misdemeanor violation of Health and Safety Code section 11375, subdivision (b)(2), with the original allegation to be dismissed with a *Harvey*[2] waiver, and the violation of probation in case No. CM035793. In June 2013, the trial court reinstated probation in that case on the same terms and conditions, with the further condition that defendant enter and complete a residential substance abuse treatment program. The court also placed defendant on three years' formal misdemeanor probation in case No. CM038010, including 60 days in county jail, and imposed a $140 restitution fine (§ 1202.4, subd. (b)), a $140 suspended probation revocation restitution fine (§ 1202.44), a $25 administration fee, a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

In September 2014 a petition for violation of probation as to both cases was filed, alleging that defendant had tested positive for methamphetamine.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

On October 10, 2014, the Butte County Department of Behavioral Health notified the trial court that defendant was scheduled for an intake assessment on November 24, 2014.

On October 29, 2014, defendant admitted the probation violation. The trial court found him in violation of probation, revoked probation, ordered him to report to the probation department immediately, and continued the matter to December 10, 2014.

On that date, the trial court denied defendant's application for probation in case No. CM035793 and found defendant's probation in case No. CM038010 was terminated unsuccessfully. The court imposed the midterm sentence of two years in state prison in case No. CM035793, with two years of postrelease community supervision, and a concurrent one-year county jail sentence in case No. CM038010. The court awarded defendant 128 days of presentence custody credit in case No. CM035793 (64 actual days and 64 conduct days). The court ordered defendant to pay all fines and fees previously ordered in both cases, including the previously suspended restitution fines of $200 in case No. CM035793 and $140 in case No. CM038010. (§ 1202.44.) The court imposed but stayed a $200 restitution fine in case No. CM035793 pending successful completion of postrelease community supervision. (§ 1202.45.)

The facts as stated in defendant's probation reports are as follows: As to case No. CM035793, defendant, a convicted sex offender, failed to register his address in 2011. As to the first violation of probation (also charged as case No. CM038010), an Oroville police officer conducting a traffic stop of defendant on December 27, 2012, performed a probation search and found Klonopin and hydrocodone on defendant's person; on January 18, 2013, defendant submitted a urine sample to probation that tested positive for methamphetamine. As to the second violation of probation, on August 22, 2014, defendant submitted a urine sample to probation that tested positive for methamphetamine.

3

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note that the trial court did not state expressly that the fines and fees defendant was required to pay included the previously stayed probation revocation restitution fine in case No. CM035793 (§ 1202.44), and the abstract of judgment fails to show this fine. We modify the judgment to lift the stay on the previously stayed fine, and order the abstract amended accordingly.

DISPOSITION

The judgment is affirmed as modified.  The trial court is directed to prepare an amended abstract of judgment reflecting the mandatory fine and forward a certified copy thereof to the Department of Corrections and Rehabilitation.


          NICHOLSON     , Acting P. J.

We concur:


     DUARTE      , J.


     HOCH      , J.